UNITED STATES *v.* AMERICAN RAILWAY EXPRESS CO. (No. 2238).[1]

1. MANUFACTURE—AMERICAN GOODS RETURNED.

    Baskets and certain bead and ribbon ornaments and ring handles for the baskets were made in Japan and shipped separately into this country. The attachment in this country of the ornaments and handles is not a manufacture so as to constitute the assembly "American goods returned" under paragraph 404, tariff act of 1913; and when exported into Canada and reimported into this country they were not entitled to entry free of duty under the paragraph.

[1] T. D. 39659.

2. REIMPORTATION.

Merchandise was shipped from San Francisco to a consignee in Chatham, Ontario. In the meantime, however, the consignee had removed to Buffalo, N. Y. The merchandise was detained in Chatham, Ontario, in customs custody for six days and remanifested under customs supervision to the consignee in Buffalo, N. Y. This was an exportation to Canada and a reimportation into the United States and the merchandise was subject to duty upon its reentrance into this country.

United States Court of Customs Appeals, May 24, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45487.

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument May 10, 1923, by Mr. Hoppin and Mr. Tompkins.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

. MARTIN, Presiding Judge, delivered the opinion of the court:

The merchandise in this case consists of certain colored wicker baskets. They are round in shape, having lids of the same material, and are arranged in nests of assorted sizes. Each lid is ornamented with a few beads and small ribbons, and also with a ring, which serves as a handle. The ornaments are loosely attached by means of strings or colored tape. The baskets and the ornaments were manufactured in Japan and were imported separately into this country. After their arrival here the ornaments were attached to the lids in the manner stated.

The baskets as thus ornamented were then sold by a San Francisco merchant to the present owner, who at the time was located at Chatham, Ontario, and by the directions of the purchaser the articles were shipped to him at that place. It happened, however, that before they arrived at Chatham the purchaser had left Canada and gone to Buffalo, N. Y. The baskets were thereupon detained in customs custody at Chatham for a period of six days, when they were remanifested under customs supervision to the owner at Buffalo. Upon their arrival at that port they were assessed with duty by the collector upon the theory that the shipment of the goods into Canada had constituted an exportation of them from this country, and that their return here was a reimportation. The present protest was filed against that assessment.

The protest is founded upon two grounds: First, a claim that the addition of the ornaments to the baskets in this country was a species of manufacture, and accordingly that the baskets in their present condition are articles of American manufacture entitled to free entry under paragraph 404 of the tariff act of 1913; and second, that the

shipment of the goods from San Francisco into Canada and thence to Buffalo was virtually a continuous transportation of them from one location in this country to another, and therefore was not an exportation and subsequent reimportation of the merchandise. The board sustained the protest upon the first ground, and the Government appealed.

We can not agree with either claim presented by the protest. The articles in question answer to the eo nomine classification of baskets contained in paragraph 175 of the act. They were fully manufactured as baskets in Japan and were imported as such into this country. It is true that after their arrival here they were ornamented by means of beads and ribbons attached to the lids, but that operation did not change the name, character, or use of the articles, nor did it change their tariff status or description. They were baskets before the ornaments were attached, and they were no more than that afterwards. Consequently, the labor performed upon them in this country was not a manufacturing process in the tariff sense, and accordingly the claim that these are "American goods returned" under paragraph 404, supra, must be overruled. For a full discussion of the term "manufacture", see Ishimitsu *v.* United States (11 Ct. Cust. Appls., 186; T. D. 38963), and citations.

In respect to the second claim set out in the protest we may say that the shipment of the merchandise from the United States into Canada with the intention of importing it into that country amounted under the circumstances to an exportation thereof from this country. Accordingly when it was shipped again into the United States there was a reimportation thereof, and duty again accrued. The instant case is different in principle from one wherein merchandise may incidentally cross foreign territory while in transit under customs regulations from one port of the United States to another, without any purpose or intent to import it into the foreign country. This merchandise, it will be remembered, was shipped to Chatham as a final destination for the purpose of removing it permanently from the United States and importing it into Canada, and its subsequent reshipment into this country was a transaction wholly independent of the original exportation. We think that in this respect the case is ruled by the recent decision of this court in Moore Dry Goods Co. *v.* United States (11 Ct. Cust. Appls. 449; T. D. 39531). For a fuller discussion of the subject we refer to that decision and the authorities cited therein.

The decision of the board is *reversed.*